**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000762
13-APR-2026
09:07 AM
Dkt. 64 SO

NO. CAAP-24-0000762

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE INTEREST OF B.P.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 24-0000108)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Hiraoka and McCullen, JJ.)

Mother-Appellant D.P. (**Mother**) appeals from the Family Court of the First Circuit's October 9, 2024 order granting Petitioner-Appellee the Department of Human Services' (**DHS**) request to withdraw its August 28, 2024 **Petition** for Temporary Foster Custody (**Order Withdrawing Petition**).[1]

On appeal, Mother challenges the family court's admission of exhibits that DHS and the Guardian Ad Litem (**GAL**) offered and that the family court relied on in concluding that Father-Appellee T.P. (**Father**) could provide a safe family home

---

[1] The Honorable Lesley N. Maloian presided.

for B.P. (**Child**) and closing the underlying **Child Protective Act Case**. Mother also challenges the family court's authority to enter its findings and conclusions after she filed her notice of appeal.[2]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and vacate and remand.

Child was born to Mother and Father in 2019. Since March 2024, DHS has received and investigated multiple reports of abuse or neglect to Child by Mother, Father, and K.P. (**Maternal Grandmother**). Without physical evidence, allegations of sexual abuse and threats of abuse by Father went unconfirmed, "but there was a concern of coaching by Maternal Grandmother."

In April 2024, Father filed for divorce from Mother in 1FDV-24-0001010 (**Divorce Case**).[3] A visitation order in the Divorce Case limited Father's contact with Child to three times a week, for approximately four hours at a time.

---

[2] Although Mother's notice of appeal identifies and appends only the October 9, 2024 Order Withdrawing Petition, Mother's abbreviated opening brief indicates she also appeals from the family court's September 9, 2024 order granting DHS's Petition and awarding temporary family supervision with placement to Father (**Temporary Family Supervision Order**). Given our decision, we need not address Mother's arguments as to the September 9, 2024 Temporary Family Supervision Order, including alleged insufficiency of service of process and the protective order.

[3] The Honorable Robert J. Brown presided in the Divorce Case.

On August 24, 2024, DHS received and confirmed "a report of threat of abuse and threatened neglect to" Child by Mother and Maternal Grandmother. DHS assumed temporary foster custody of Child on August 25.

On August 28, DHS filed its Petition and requested an inquiry into the abuse allegations.

On August 30, the family court conducted a temporary foster custody hearing. The family court judicially noticed the "related records and files" in the Divorce Case and accepted into evidence, over Mother's objection, twenty exhibits offered by DHS, including: (1) the August 28, 2024 Safe Family Home Report; (2) the August 28, 2024 Family Service Plan; (3) Child's medical and dental records; and (4) the August 24, 2024 Hawaiʻi State Medical-Legal Record and Sexual Assault Information Form.

Also over Mother's objection, the family court ordered "temporary family supervision to [DHS] as that is [its] recommendation and findings at this time based on [its] investigation with placement to Father." The family court entered its order to that effect on September 9, and stated Mother had "thirty (30) days to submit written objections." The family court scheduled a contested return hearing for October 8.[4]

---

[4] Mother waived the requirement under Hawaiʻi Revised Statutes (**HRS**) § 587A-12(c)(2) (2018) that the return hearing be conducted within fifteen days of the date of the Petition's filing or the August 30 hearing. Mother explained she wanted "more time than 15 days to prepare her case."

In the meantime, on September 18, the family court in the Divorce Case "took judicial notice of the records and files in [the Divorce Case], including the related [Child Protective Act] Case." (Formatting altered.) Father offered, and the family court received, into evidence DHS's Petition — which asserted that Father was "willing and able to provide Child with a safe family home with the assistance of a service plan" and Mother was not — and the September 9, 2024 Temporary Family Supervision Order.

Mother's counsel objected, given the outstanding Child Protective Act Case, and requested that the "matter be taken under advisement and appropriate orders be issued at a later time." (Formatting altered.) Nonetheless, arguments were had. The family court orally awarded Father "temporary sole legal/physical custody of the Child." (Formatting altered.) The family court entered a written order on September 25 to that effect (**Custody Order**), "award[ing] temporary sole legal and sole physical custody of [Child]" to Father and authorized Mother to "have supervised visitation with [Child] at the discretion of DHS or the GAL."

On September 30, in the Child Protective Act Case, DHS filed a "Motion for Immediate Review," pursuant to Hawai'i

Revised Statutes (**HRS**) § 587A-30(a) (2018)[5] and in light of the Custody Order entered in the Divorce Case, to address DHS's request to withdraw its Petition.  DHS explained that "the only reason DHS had not placed the Child with Father was due to a visitation order" in the Divorce Case; the family court subsequently awarded Father sole legal custody of Child in the Divorce Case; and DHS "assessed Father to be a safe and protective parent" and believed "all remaining issues" should be litigated in the Divorce Case without DHS's involvement.

On October 1, Mother filed (self-represented) her objections in the Child Protective Act Case, including (1) three letters, (2) an exhibit list referencing and appending (a) a scan of an unidentified document with handwritten notes disputing various statements, (b) provider notes taken during an unscheduled visit to Child's primary care physician in which Mother, Maternal Grandmother, and Child made allegations of abuse by Father, and (c) a scan of the July 15, 2024 DHS update to the family court containing more handwritten notes.

On October 8, the family court conducted its contested return hearing.  Over Mother's objection, the family court

---

[5]  Under HRS § 587A-30, a party may move to set a case for a periodic review hearing during which the court must determine, inter alia, whether the child is safe and enter orders "[t]o terminate jurisdiction if the court finds that the child's parents are willing and able to provide the child with a safe family home without the assistance of a service plan."  HRS § 587A-30(b)(1).

received into evidence four exhibits offered by DHS and one by the GAL:

- DHS Exhibit 21: Résumé of Jessica Wong-Sumida, M.A., J.D.;

- DHS Exhibit 22: Résumé of Winnie Ann Q. Nishimiya;

- DHS Exhibit 23: DHS Supplemental Safe Family Home Report to Court dated October 2, 2024;

- DHS Exhibit 24: September 25, 2024 Custody Order in Divorce Case; and

- GAL Exhibit 1: Guardian Ad Litem's First Short Report to the Court.

In particular, DHS Exhibit 23 opined that "Father is able to provide a safe family home without the assistance of a service plan" and recommended "Temporary Family Supervision be revoked and [the] case closed." With no witness testimony, the family court orally granted DHS's motion, allowing DHS to withdraw its Petition, and closed the case, stating Mother had thirty days to appeal.

On October 9, the family court entered its written Order Withdrawing Petition, granting DHS's Motion for Immediate Review, withdrawing the Petition, and terminating jurisdiction. As relevant to Mother's appeal, the family court made the following two findings:

> A.  [Father] can provide a safe family home without the assistance of a service plan at this time;
>
> B.  [DHS] exhibit nos. 21 through 24 and GAL's exhibit no. 1 were received into evidence by the Court subject to cross-examination; [Mother] and [Father] shall have thirty (30) days to submit any objections and/or clarifications[.]

(Formatting altered.)  Despite closing the case and terminating jurisdiction, the Order Withdrawing Petition stated Mother had "thirty (30) days to submit any objections and/or clarifications."

Mother appealed on November 8.  Also on November 8, Mother filed her objections.

On December 20, the family court entered its findings of fact (**FOF**) and conclusions of law (**COL**).  FOF 79 and COL 16 both stated, "Mother is not currently willing and able to provide the Child with a safe family home, even with the assistance of a service plan."

**(1)**  As a threshold matter, DHS challenges Mother's standing to appeal because Mother "was neither affected nor prejudiced" by the Order Withdrawing Petition and, thus, not aggrieved.

"An interested party aggrieved by any order or decree of the court under this chapter may appeal as provided in section 571-54."  HRS § 587A-36 (2018).  HRS § 571-54 (2018) provides, in relevant part, "An interested party, aggrieved by any order or decree of the court, may appeal to the intermediate

appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court."  An aggrieved party is "one who is affected or prejudiced by the appealable order." Leone v. Cnty. of Maui, 141 Hawaiʻi 68, 89, 404 P.3d 1257, 1278 (2017) (citation and internal quotation marks omitted).

Here, FOF 79 and COL 16 in support of the family court's Order Withdrawing Petition stated, "Mother is not currently willing and able to provide the Child with a safe family home, even with the assistance of a service plan." FOF 79 and COL 16 track the statutory language authorizing termination of parental rights under HRS § 587A-33(a)(1) (2018), which provides, "At a termination of parental rights hearing, the court shall determine whether . . . [a] child's parent whose rights are subject to termination is not presently willing and able to provide the parent's child with a safe family home, even with the assistance of a service plan[.]"

In addition, the family court in the Divorce Case appears to have considered DHS's Petition, which contained similar language, when awarding custody to Father.  In turn, the family court in this Child Protective Act Case relied on the Custody Order in the Divorce Case and DHS Exhibit 23 in determining Mother was "not currently willing and able to

provide the Child with a safe family home, even with the assistance of a service plan."

In other words, the family court's findings and conclusions (as well as DHS's Petition) <u>affect</u> whether Mother has custody of and access to Child.  See <u>Leone</u>, 141 Hawaiʻi at 89, 404 P.3d at 1278.  Thus, Mother has standing to appeal the October 9, 2024 Order Withdrawing Petition and the December 20, 2024 Findings of Fact and Conclusions of Law.

**(2)**  Next, Mother contends she did not have a meaningful opportunity to object to or cross-examine the exhibits the family court accepted into evidence at the October 8 hearing.  Mother relies on <u>In re JH</u>, 152 Hawaiʻi 373, 526 P.3d 350 (2023).

In <u>In re JH</u>, the Hawaiʻi Supreme Court explained that the "due process floor entails notice and an opportunity to be heard at a meaningful time and in a meaningful manner," and that "[c]ontext shapes the process that is due."  <u>Id.</u> at 380-81, 526 P.3d at 357-58 (citation and internal quotation marks omitted).

Here, Mother did not have a meaningful opportunity to be heard with regards to the Petition withdrawal.  See <u>id.</u>  The family court granted DHS's motion, allowing it to withdraw its Petition, closed the case, and terminated jurisdiction, all <u>before</u> allowing Mother an opportunity to submit objections to DHS Exhibit 23 and the other exhibits entered into evidence.

And context is important. See id. at 381, 526 P.3d at 358. As mentioned above, the family court in the Divorce Case considered DHS's Petition in awarding custody to Father, and the family court in this Child Protective Act Case relied on the Custody Order in the Divorce Case and DHS Exhibit 23 in allowing DHS to withdraw its Petition. Upon entering its findings and conclusions, Mother was left with a finding that she was "not currently willing and able to provide the Child with a safe family home, even with the assistance of a service plan" and no custody of Child.

Allowing Mother to submit objections after withdrawing the Petition and closing the case did not afford Mother "an opportunity to be heard at a meaningful time and in a meaningful manner." See id. at 380-81, 526 P.3d at 357-58.

**(3)** Finally, Mother challenges the family court's authority to enter its December 20, 2024 Findings of Facts and Conclusions of Law. Mother argues the family court was divested of jurisdiction.

Hawaiʻi Family Court Rules Rule 52(a) instructs the family court to "enter its findings of fact and conclusions of law where none have been entered" upon the filing of the notice of appeal. Mother filed her notice of appeal with the family

court on November 20, and the family court entered its findings and conclusions on December 20.  There was no error.

Based on the foregoing, we vacate the family court's October 9, 2024 Order Withdrawing Petition and remand the case for proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, April 13, 2026.

| | |
|---|---|
| On the briefs: | /s/ Karen T. Nakasone<br>Chief Judge |
| Branden T. Nakahara,<br>for Mother-Appellant. | /s/ Keith K. Hiraoka<br>Associate Judge |
| Joy S. Wills,<br>Julio C. Herrera,<br>Erin K.S. Torres,<br>Kellie M. Kersten,<br>Derek D. Peterson,<br>Deputy Attorneys General<br>Attorneys for Petitioner-<br>Appellee<br>The Department of Human<br>Services. | /s/ Sonja M.P. McCullen<br>Associate Judge |
| Jamie L. Demello,<br>Guardian Ad Litem | |